**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JIZI JIN, | No. 10-70513 |
| Petitioner, | Agency No. A097-347-186 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Jizi Jin, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny the petition for review.

In support of her asylum application, Jin submitted a statement handwritten in Mandarin. At her hearing, Jin testified with a Korean interpreter and was unable to translate a sentence from her Mandarin statement. Substantial evidence supports the agency's credibility finding based on this discrepancy. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (upholding adverse credibility finding where testimony lacked the requisite "ring of truth"). Further, substantial evidence supports the agency's adverse credibility determination based on the fact that the date on Jin's Mexican visa was inconsistent with her testimony that her husband did not make arrangements for her to leave China until after the police released her from detention. *See Chebchoub*, 257 F.3d at 1043 (inconsistency regarding events leading up to petitioner's departure was not minor and went to heart of petitioner's claim where it "relate[d] to the basis for [petitioner's] alleged fear of persecution") (internal quotation and citation omitted). The agency reasonably rejected Jin's explanations. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Jin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Jin's CAT claim is based on the same testimony found not credible, and she does not point to any other evidence that shows it is more likely than not that she would be tortured if returned to China, her CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**